UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIM R. HARRIS, JR.                                                                                                PETITIONER

V.                                                                          CIVIL ACTION NO. 3:23-CV-469-CWR-ASH

WARDEN D. COLBERT                                                                                          RESPONDENT

REPORT AND RECOMMENDATION

Petitioner Jim R. Harris, Jr., a federal inmate, filed this habeas petition under 28 U.S.C. § 2241 challenging the Bureau of Prisons' calculation of jail-time credits. As explained below, the undersigned recommends that the petition be dismissed without prejudice for failure to exhaust.

I.      **Facts and Procedural History**

On February 18, 2010, state authorities in Scott County, Missouri, arrested Harris on three state-law charges. On April 15, 2010, a federal grand jury charged Harris with interference with commerce by threat of violence, possession of a firearm in furtherance of a crime of violence, and felon in possession of ammunition. On April 19, 2010, Harris was transferred into the temporary custody of the United States Marshals Service pursuant to a federal writ of habeas corpus *ad prosequendum*. On December 9, 2011, Harris pleaded guilty to the federal charges, and on May 29, 2012, the district court sentenced Harris to a 300-month term of imprisonment. The USMS returned Harris to the custody of the State of Missouri on June 1, 2012.

In July 2012, the state court sentenced Harris to a 15-year term of imprisonment on the state charges. That court ordered that the state sentence should "RUN CONCURRENT WITH FEDERAL COURT CASE." Resp. Ex. C [27-3] Attach. 5 ([27-3] at 25). The State of Missouri gave Harris credit for his time in state custody from February 18, 2010, to April 19, 2010, when

he was transferred into federal custody, and from June 1, 2012, to July 12, 2012, for a total of 103 days. *Id.* Attach. 6 ([27-3] at 31).

Harris was later transferred into the temporary custody of the USMS for re-sentencing following a successful motion under 28 U.S.C. § 2255. On September 5, 2017, the federal court reduced Harris's sentence to a 183-month term of imprisonment and stated that the sentence "shall run consecutive to any and all other sentences imposed including the sentence the defendant is currently serving for the State of Missouri." *Id.* Attach. 7 ([27-3] at 37). Harris was then returned to state custody, where he completed his state term of incarceration on February 15, 2023.

Harris then returned to federal custody to begin serving his 183-month term of incarceration. The Bureau of Prisons gave Harris credit toward his federal sentence for the time from April 19, 2010, through March 31, 2012, but did not give Harris credit for the time he spent in state custody. Resp. Ex. B [27-2] Attach. A ([27-2] at 6). Harris, who is presently incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, has a projected release date of February 28, 2034. Believing that he should get federal jail-time credit for all the time he served in state custody, Harris filed this petition on June 26, 2023. Harris amended his petition to add a claim for a nunc pro tunc designation as an alternative theory why he should receive credit for time served on his state court sentence. Am. Pet. [10]. Respondent responded in opposition to the petition, and Harris filed a motion [31] seeking immediate release.[1]

---

[1] Respondent asks the Court "to dismiss the United States of America and substitute Warden D. Colbert." Resp. [27] at 1 n.1. But in its January 11, 2024, Order, the Court directed the Clerk to edit the name of the Respondent to D. Colbert." Order [12].

**II.     Analysis**

Starting with Harris's motion seeking immediate release, a habeas petitioner may be entitled to release while his petition is pending in a case "involv[ing] extraordinary circumstances" or "substantial constitutional claims upon which [the petitioner] has a high probability of success." *Tijerina v. Thaler*, 368 F. App'x 584, 585 (5th Cir. 2010) (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)). Harris's motion does not demonstrate that this is such a case. The undersigned recommends his request for immediate release be denied.

Turning to the petition, "[t]he BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)).[2] Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).

Then Magistrate (and now Fifth Circuit) Judge Ramirez succinctly explained the BOP's administrative exhaustion process:

> The multi-tiered BOP administrative procedure for inmates who seek formal review of their complaints is set forth in 28 C.F.R. §§ 542.10–542.19. *See Gross v. Cruz*, No. 3:09-CV-0928-B, 2009

---

[2] Certain issues raised in Harris's filings are not properly before the Court on his § 2241 petition. For example, Harris's arguments challenging the validity of his convictions under 18 U.S.C. § 924(c)—and his arguments that his convictions violate his Second Amendment rights—are cognizable only in a § 2255 petition filed in the sentencing court. *See Pack*, 218 F.3d at 451. Similarly, this Court is without power to address Harris's request for compassionate release. *Landazrui v. Hall*, 423 F. App'x 475, 476 (5th Cir. 2011) ("Because Landazuri did not file this challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it."). Only the jail-credit issue is properly before the Court.

> WL 1675075, at *1 (N.D. Tex. June 15, 2009). BOP Program Statement 1330.18, *Administrative Remedy Program*, outlines the procedure and provides federal prisons relevant guidance regarding it. *See id.* (citing *Aguirre-Castillo v. United States*, No. 1:03-CV-146-C, 2004 WL 594105, at *2 (N.D. Tex. Feb. 26, 2004)). Under this procedure, inmates may "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The administrative process begins with informally presenting the issue to BOP staff for resolution, followed by successive formal steps which respectively require the submission of an Administrative Remedy Request to the Warden, an appeal to the Regional Director if unsatisfied with the Warden's response, and an appeal to the BOP General Counsel if unsatisfied with the Regional Director's response. 28 C.F.R. §§ 542.13, 542.14, 542.15. The filing of an appeal to the General Counsel "is the final administrative appeal." 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate his exhausted her administrative remedies for filing a § 2241 petition. *See Gross*, 2009 WL 1675075, at *1.

*Gayton v. Rivers*, No. 3:23-CV-1842-X, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023), *report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023).

Harris does not suggest he exhausted, arguing instead that the Court should excuse him from the exhaustion requirement because prison officials "gave [him] the wrong application to file BP-9." Reply [30] at 4. He also argues that he is excused from the exhaustion requirement because he has raised a "Constitutional issue." Supp. to Reply [29].

"[P]roper exhaustion of administrative remedies is necessary," and "filing an untimely or otherwise procedurally defective grievance or appeal" will not satisfy the requirement. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x 372 (5th Cir. 2008). Exceptions exist, but they are limited:

> "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or when the attempt to exhaust such remedies would itself be a patently futile course of action." *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985). However, exceptions to the exhaustion requirement apply only in "extraordinary circumstances," [*DCP Farms v.*] *Yeutter*, 957 F.2d [1183,] 1189 [(5th Cir.), *cert. denied*, 506 U.S. 953 (1992)], and [the

> petitioner] bears the burden of demonstrating the futility of administrative review. *See Gardner v. School Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir. 1992).

*Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Harris's unsupported allegation regarding "an inability to procure the [correct] official forms" does not satisfy his burden to establish extraordinary circumstances justifying relief from the exhaustion requirement. *Conwell v. Bureau of Prisons*, 41 F.3d 664, 1994 WL 684766, at *2 (5th Cir. 1994) (per curiam) (unpublished table decision). Indeed, there does not appear to be a dispute that Harris *did* start the administrative remedy process; the problem is he never finished it. The declaration of Michael FiggsGanter recounts that the BOP cataloged Harris's August 2023 BP-9 addressing his jail credits with an "F" tracking number, indicating it was received for processing at the facility level. FiggsGanter Decl. [27-2] ¶¶ 4, 10. This grievance, however, was rejected as insufficient. *Id.* ¶ 10. Harris does not dispute this. *See* Resp. [30] at 3. Rather than correct and resubmit it, Harris instead submitted an administrative remedy addressing his concurrent sentence to the next level of review, which the BOP cataloged with a "R" tracking number, indicating it was received for processing at the regional level. FiggsGanter Decl. [27-2], ¶ 10. Although it would appear Harris failed in several respects to properly submit his requests for administrative remedies, there is no dispute he did not submit his request to *each* level for review as required by the BOP's procedures.

As to his argument that he has raised constitutional issues excusing him from exhaustion, Harris cites no authority in support. Supp. Reply [29]. In any event, this argument lacks merit. *See King-De Leon v. Harrison*, No. 3:23-CV-2987-KHJ-MTP, 2024 WL 2034567 (S.D. Miss. Apr. 16, 2024) (discussing and rejecting similar theory). Harris is not arguing that the BOP's regulations or governing statutes are unconstitutional. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (holding challenge to the constitutionality of BOP regulation

5

precluding aliens from rehabilitation programs was excluded from exhaustion requirement). He is challenging the BOP's application of its own statutes and regulations to determine his jail credits (and nunc pro tunc designation), which are matters appropriately subject to administrative exhaustion. *See King-De Leon*, 2024 WL 2034567, at *2 (collecting cases).

Because Harris has neither exhausted nor shown he should be excused from that requirement, the undersigned recommends his petition be dismissed without prejudice.

### III.   Conclusion and Recommendation

The undersigned therefore recommends that Harris's habeas petition be dismissed without prejudice for failure to exhaust and that his motion [31] for immediate release be denied.

### IV.   Notice of Right to Object

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[3] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon*

---

[3] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

*Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted, this the 30th day of July, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE
