IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JIM R. HARRIS, JR.**,

                 *Petitioner*,            CAUSE NO. 3:23-CV-469-CWR-ASH

v.

**WARDEN D. COLBERT**,

                 *Respondent*.

**ORDER**

Before the Court is petitioner Jim R. Harris, Jr.'s objection to the Magistrate Judge's Report and Recommendation (R&R). Docket No. 43.

Harris claims that the Magistrate Judge erred in determining that he was not excused from exhausting his administrative remedies. He argues that the exhaustion requirement for his § 2241 petition should be waived because prison officials gave him the wrong application to file and because he has raised a Constitutional issue.

Upon review, the Court finds that the R&R is "supported by the law and the record in this matter." *Alexander v. Verizon Wireless, LLC*, 875 F.3d 243, 249 (5th Cir. 2017). These brief reasons explain why.

First, even if prison officials provided Harris with the wrong application, it does not change the fact that Harris abandoned his grievance after it was processed and rejected as insufficient. "Rather than correct and resubmit [the form], Harris instead submitted an administrative remedy addressing his concurrent sentence to the next level of review."

Docket No. 42 at 5. Harris, therefore, cannot be excused for his failure to "submit his request to *each* level for review as required by the BOP's procedures." *Id.*

Harris's second argument also misses the mark. As the Magistrate Judge explained, "Harris is not arguing that the BOP's regulations or governing statutes are unconstitutional. He is challenging the BOP's application of its own statutes and regulations to determine his jail credits." *Id.* at 5–6. And "the Fifth Circuit has consistently recognized that the exhaustion of administrative remedies is required for section 2241 petitions seeking credit on a petitioner's sentence." *Fulkerson v. Reese*, No. 5:06-CV-174, 2007 WL 2433968, at *2 (S.D. Miss. July 30, 2007) (citations omitted).

As for his request for immediate release, it is unavailing because Harris has not demonstrated extraordinary circumstances entitling him to relief. He relies upon *United States v. Jean*, 108 F.4th 275 (5th Cir. 2024), for the proposition that "the text of [Section] 3582 permit[s] a court to consider non-retroactive changes in sentencing law for the purposes of extraordinary and compelling reasons." Docket No. 43 at 3. Yet, he does not cite to authority indicating the changes in sentencing law applicable to his case.

For these reasons, the R&R is adopted. A separate Final Judgment shall issue.

**SO ORDERED**, this the 7th day of October, 2024.

                                              s/ Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE